UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL FRIEDMANN, <br><br> Plaintiff, <br> v. <br><br> STATE OF WASHINGTON et al., <br><br> Defendants. | CASE NO. 3:25-cv-05272-DGE <br><br> ORDER TO SHOW CAUSE |

On April 3, 2025, United States Magistrate Judge David W. Christel issued an order granting Plaintiff's application to proceed in forma pauperis ("IFP"), finding that he was unable to afford the filing fee, pursuant to 28 U.S.C. § 1915(a)(1). (Dkt. No. 5.) Judge Christel found that based on the allegations in the proposed complaint, it did not appear Plaintiff had adequately stated a claim upon which relief can be granted. (*Id.*) Judge Christel also noted that Plaintiff's complaint was not signed, and that Plaintiff had filed multiple lawsuits in this Court that have been dismissed at the initial stages for failure to state a claim. (*Id.*)

ORDER TO SHOW CAUSE - 1

Under 28 U.S.C. § 1915(e)(2)(B), the Court must also assess the sufficiency of an IFP complaint and dismiss a complaint that is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See also Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim)

In addition to the deficiencies identified by Judge Christel, Plaintiff seeks relief the State of Washington and the Employment Security Department ("ESD"), both of which are likely immune from suit pursuant to the Eleventh Amendment to the United States Constitution, which provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The amendment "bars a citizen from bringing a suit against their own state in federal court." *Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir. 1995) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)). "Eleventh Amendment immunity extends to state departments, agencies, boards, and commissions, and to state employees acting in their official capacity because a suit against them is regarded as a suit against the State itself." *Planned Parenthood Ariz., Inc. v. Brnovich*, 172 F. Supp. 3d 1075, 1086 (D. Ariz. 2016) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see also In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) ("[A]gencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.") (quotation and citation omitted).

Accordingly, Plaintiff is ordered to show cause, no later than **May 13, 2025**, why this case should not be dismissed for failure to state a claim upon which relief can be granted. In the alternative, Plaintiff may file a proposed amended complaint that cures the deficiencies identified herein no later than **May 13, 2025**.

Dated this 29th day of April, 2025.

David G. Estudillo
United States District Judge

ORDER TO SHOW CAUSE - 3